

E.D.N.Y.–Bklyn
04-cv-4338
Irizarry, C.J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand sixteen.

Present:
> Jon O. Newman,
> Guido Calabresi,
> Reena Raggi,
>   *Circuit Judges*.

---

Barry Reese,

     *Petitioner*,

  v.                 16-2124

United States of America,

     *Respondent*.

---

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion. Upon due consideration, it is hereby ORDERED that the motion is DENIED because Petitioner has not satisfied the criteria set forth in 28 U.S.C. § 2255(h).

Petitioner does not rely upon a new rule of constitutional law within the meaning of § 2255(h)(2). Nor does Petitioner rely upon newly discovered evidence within the meaning of § 2255(h)(1). Specifically, Petitioner has not demonstrated that the factual predicate for his motion could not have been discovered, through the exercise of due diligence, prior to the filing of his first § 2255 motion, *see Herrera-Gomez v. United States*, 755 F.3d 142, 147 (2d Cir. 2014) (holding that prisoners seeking leave to file a successive § 2255 motion must act with due diligence in investigating and presenting their claims based on newly discovered evidence), or that the factual predicate for his motion is "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," 28 U.S.C. § 2255(h)(1).

MANDATE ISSUED ON 11/02/2016

Likewise, regarding Petitioner's actual innocence argument, he has not demonstrated "that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (discussing standard for actual innocence claims serving as a gateway to defaulted constitutional claims); *id.* at 555 (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)) (discussing the higher standard applicable to freestanding actual innocence claims). Additionally, actual innocence means *factual* innocence, *see Bousley v. United States*, 523 U.S. 614, 623–24 (1998), and Petitioner has not demonstrated that he is factually innocent of either the federal crimes now at issue or the prior state crime that was used to enhance his later federal sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

*Catherine O'Hagan Wolfe*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*Catherine O'Hagan Wolfe*